Christina A. Humphrey (SBN 226326)
**CHRISTINA HUMPHREY LAW, P.C.**
591 Telegraph Canyon Road, #376
Chula Vista, CA 91910
Telephone: (805) 618-2934
Email: christina@chumphreylaw.com

RICHARD E. QUINTILONE, II (SBN 200995)
JEFFREY T. GREEN (SBN 330065)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD, SUITE 100
LAKE FOREST, CA 92630
TELEPHONE: (949) 458-9675
FACSIMILE: (949) 458-9679
EMAIL: REQ@QUINTLAW.COM; JTG@QUINTLAW.COM

Attorneys for Plaintiffs JANISHA LEE PRICE and CARMEN ZAMARRIPA, and other individuals similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANISHA LEE PRICE; CARMEN ZAMARIPPA; individually, and on behalf of all employees similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY, a Delaware corporation; WELLS FARGO BANK, N.A.<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>1. **FAILURE TO PAY OVERTIME WAGES;**<br>2. **FAILURE TO PAY MINIMUM WAGE;**<br>3. **FAILURE TO PAY REGULAR WAGE;**<br>4. **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF;**<br>5. **FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF;**<br>6. **FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES;**<br>7. **FAILURE TO PAY ALL WAGES UPON TERMINATION;**<br>8. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS; AND**<br>9. **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiffs **JANISHA LEE PRICE and CARMEN ZAMARRIPA**, individually and on behalf of all other similarly situated employees (hereinafter collectively referred to as ("Plaintiffs" or "Representative Plaintiffs"), bring this lawsuit against Defendant WELLS FARGO & COMPANY, a Delaware corporation; WELLS FARGO BANK, NATIONAL ASSOCIATION. (Collectively "Wells Fargo" or "Defendants"), and allege as follows:

## INTRODUCTION

1.      Defendant Wells Fargo employs the telephone-based workers who are the putative class and collective members in this lawsuit.

2.      Plaintiff PRICE works as a telephone dedicated employee in the position of Mortgage Customer Service Representative and a Home Loan Processor in San Bernardino, California. Plaintiff ZAMARRIPA worked as a telephone dedicated employee in the position of Phone Banker I, in El Monte, California.

3.      Plaintiffs and similarly situated employees had to be ready to handle a call at the start of their scheduled shift times.  In order to be ready to handle a call, Plaintiffs and similarly situated employees had to first boot up their computers and open various software programs necessary for handling a call.  Plaintiffs and similarly situated employees had to be available to handle calls until the end of their scheduled shift time.

4.      Defendant knowingly required and/or permitted Plaintiffs and other similarly situated telephone-dedicated employees to perform unpaid work before and after their scheduled shift times.  This unpaid work includes but is not limited to booting up computers, initializing several software programs, reading company issued emails and instructions at the beginning of their shifts, and completing customer service calls, securing their workstations, locking their desk drawers, and securing any customer or proprietary information at the end of their shifts.

5.      Defendant maintained a policy and practice of failing to pay Plaintiffs and Class Members for all hours worked, such as the time engaged in work tasks completed before and after their shift.  Plaintiffs and Class Members spent significant time performing this work off the clock and Defendant did not pay them for this time.  Since much of this time qualifies as overtime within the meaning of California law, Plaintiffs and Class Members were not paid overtime for this time.

6.      Plaintiffs, individually and on behalf of all others similarly situated, seek to recover unpaid wages and other damages owed for the following causes of action under the following state statutes: (1) Failure to Pay Overtime Compensation pursuant to California <u>Labor Code</u> §§ 510 and 1194, and pursuant to Rule 23 of the Federal Rules of Civil Procedure; (2) Failure to Pay Minimum Wages pursuant to California <u>Labor Code</u> §§ 1182.12, 1194, 1197, 1194.2 and 1198, and pursuant to Rule 23 of the Federal Rules of Civil Procedure; (3) Failure to Pay Regular Wages pursuant to California <u>Labor Code</u> §§ 221-223, and pursuant to Rule 23 of the Federal Rules of Civil Procedure; (4) Failure to Provide Meal Breaks or Compensation in Lieu Thereof pursuant to California <u>Labor Code</u> §§ 226.7, 512, § 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, § 11040, et seq, and pursuant to Rule 23 of the Federal Rules of Civil Procedure; (5) Failure to Provide Rest Breaks or Compensation in Lieu Thereof pursuant to California <u>Labor Code</u> §§ 226.7 and Cal. Code Regs., Title 8, § 11040(12)(A), and pursuant to Rule 23 of the Federal Rules of Civil Procedure; (6) Failure to Reimburse Necessary Business Expenses, pursuant to California <u>Labor Code</u> §§ 2800-2802, and pursuant to Rule 23 of the Federal Rules of Civil Procedure; (7) Failure to Pay Wages Upon Termination pursuant to California <u>Labor Code</u> §§201-203, 204 and 256 and pursuant to Rule 23 of the Federal Rules of Civil Procedure, (8) Failure to Provide Accurate Wage Statements pursuant to California <u>Labor Code</u> § 226, and pursuant to Rule 23 of the Federal Rules of Civil Procedure; (9) Violation of California <u>Business & Professions Code</u> § 17200 et seq.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction for the California state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332. At least one class member is a resident of a different state.  There are more than one hundred (100) putative class members.  Damages are estimated to exceed the jurisdictional minimum of $5,000,000 and using conservative estimates of an average three hundred fifty (350) full time equivalents, is estimated to range from $25,000,000 to $30,000,000 for unpaid time, meal and rest breaks, unreimbursed expenses for cell phone usage, inaccurate wage statements, and failure to pay final wages.  This action is related to *Droesch v. Wells Fargo Bank, N.A.*, United States District Court, Northern District, Case No, 20-cv-06751. ///

CLASS ACTION COMPLAINT

8.      Venue is proper in the Northern District of California because a substantial portion of the events and policies forming the basis of this suit occurred in this district.  Wells Fargo is headquartered in San Francisco, California.

**PARTIES**

9.      Plaintiff **Janisha Lee Price** is an individual currently residing in Victorville, California who Defendant employed since at their regular rate of pay, and currently employs, as an hourly Telephone Banker at the Call Center operated by Wells Fargo in San Bernardino, California.

10.      Plaintiff **Carmen Zamarripa** is an individual currently residing in El Monte, California, who Defendant employed from **September 2012** to **February 2021**, as an hourly Telephone Banker at the Call Center operated by Wells Fargo in El Monte, California.

11.      Wells Fargo is an international bank that offers services related to banking, loans and credit, insurance, investing and wealth management.  Wells Fargo operates Call Centers in California where telephone-dedicated hourly employees handle phone calls with Wells Fargo customers regarding various issues.  See https://www.wellsfargo.com/about/careers/

**CLASS DEFINITIONS**

12.      Plaintiffs bring this action on behalf of a proposed class action of all individuals working in the non-exempt position of "**Telephone Banker**" in the State of California from four years prior to the filing of this complaint onward (the "**California Class**").  This definition excludes persons who perform or performed management duties and who executed arbitration agreements. The California Class Members are similarly situated to Plaintiffs Price and Zamarripa and each other.  The California Class also includes two Sub-Classes of California Class Members whose employment has terminated with only Plaintiff Zamarripa serving as the Sub-Class Representative and a Sub-Class of California Class Members who Worked Remotely with only Plaintiff Price serving as the Sub-Class Representative.

///

///

///

///

CLASS ACTION COMPLAINT

**FACTUAL ALLEGATIONS**

**A.      Defendant's Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of and After the End of Their Scheduled Shifts.**

13.      Wells Fargo operates and has operated "call centers" across the nation where telephone-dedicated employees similar to Plaintiffs handle phone calls regarding various issues related to Wells Fargo's business. See https://www.wellsfargo.com/privacy-security/fraud/report/

14.      Defendant's policy and practice permits and/or requires telephone-based employees in its Call Centers to be logged into their phones by the employee's scheduled start time.

15.      Wells Fargo required Plaintiffs and similarly situated phone-based employees to be ready to handle a call at the start of their scheduled shift time.  Wells Fargo maintained similar requirements at all its Call Centers across the nation.

16.      In order to be ready to handle a call, Plaintiffs and similarly situated telephone-dedicated employees had to be logged into Wells Fargo's telephone systems and call queue.

17.      In order to be logged into Wells Fargo's telephone systems and call queue, Defendant required and/or permitted Plaintiffs and similarly situated telephone-based employees to arrive at their workstation prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and/or instructions.

18.      Defendant's policy and practice results in telephone-based employees, including passing through security steps if their computer screen was at Check Point when they logged on. Check Point required Plaintiffs and other similar situated employees to follow key prompts to get an access code or speak to a representative at the help desk.  Following the Check Point process was a frequent occurrence and could take a few to several minutes each day.

19.      After accessing their computers, Plaintiffs and other similarly situated employees were required to open and initialize several software programs, such as Timetracker, DAT, Hogan, CIV, Visa, Claims, SOTA, Windows, Outlook, Cisco Jabber, and Workday among others.  Opening all the necessary programs and systems would take additional time. Additionally, Plaintiffs and other similarly situated employees sometimes were required to read company emails and instructions prior to their start of their scheduled shift time.

20.     Only after all the processes are completed and programs started could Plaintiffs and other similarly situated employees log into Soft Phone, which commences and records the paid portion of their workday.

21.     Defendant's policy and practice disciplines telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

22.     Defendant did not instruct Plaintiffs and similarly situated telephone-based employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time. Rather, Defendant required, permitted and/or allowed Plaintiffs and the putative class members to work prior to and after their scheduled shift time.

23.     At the end of their shift, Plaintiffs and similarly situated phone-based employees were expected to be available to handle a call until the end of their scheduled shift time. As a result, Plaintiffs and similarly situated telephone-based employees regularly worked past the end of their scheduled shift times when logged off their software programs and computers and secured their work stations and Wells Fargo's customer and proprietary information pursuant to Wells Fargo's policies and practices.

24.     Plaintiffs and similarly situated phone-based employees at Wells Fargo's Call Centers had their pre- and/or post-shift work rounded away from their pay and were regularly not paid for some or all of their work activities prior to the beginning of their shifts or after the end of their shifts.

25.     Prior to starting work on the call center floor, Plaintiffs and other similarly situated telephone-based employees were and are interviewed by employees and managers of Wells Fargo.

26.     Wells Fargo had the power to hire and fire Plaintiffs and other persons similarly situated. Wells Fargo controlled and set the schedules for Plaintiffs and similarly situated telephone-dedicated workers.

**B.     Defendant Knew of and Assented to the Unpaid Work.**

27.     At the Wells Fargo Call Centers managers were on the floor during the workday, managing the work activities of the Plaintiffs and other similarly situated persons.

///

CLASS ACTION COMPLAINT

28.     Defendant monitored, directed, controlled **and even <u>audited</u>** the off the clock and on the clock work activities of Plaintiffs and other similarly situated persons, including the unpaid work at issue herein.

29.     Wells Fargo's managers and supervisors on the call center floor could and did regularly see with their own eyes and through various electronic reports and data that Plaintiffs and similarly situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Wells Fargo's computers, and began working on their computers prior to the start of their scheduled shift time.

30.     Wells Fargo's managers and supervisors on the call center floor could and did regularly see with their own eyes and through various electronic reports and data that Plaintiff and similarly situated telephone-based employees worked past the end of their scheduled shift time handling phone calls and securing their work stations.

31.     Despite seeing and knowing and through various electronic reports and data that Plaintiffs and similarly situated telephone-based employees performed work at their workstations prior to and after their scheduled shift times, Defendant and its managers and supervisors on the floor of the call center do not make any effort to stop or otherwise disallow this unpaid work and instead allowed and permitted it to happen.

32.     Defendant possesses, controls and/or has access to information and electronic data and/or activity data that shows the times Plaintiffs and similarly situated telephone-based employees logged into and out of their computers each day and the time they logged into and out of their telephone systems each day. Defendant randomly audits employee work times and schedules, yet refuses to produce such audits in discovery as well as pay the employees who, as the result of the audits worked off the clock, their owed wages, including overtime.

33.     By possessing, controlling and/or accessing this information, Defendant knows that Plaintiffs and similarly situated telephone-based employees worked prior to the start and after the end of their scheduled shift time.

34.     Despite having this information and knowing that Plaintiffs and similarly situated telephone-based employees logged into their computers, initialized necessary software programs,

and read company issued emails and instructions prior to the start of their scheduled shift time, and despite requiring and/or allowing them to handle a call up until the end of their scheduled shift time, Defendant did not make any effort to stop or otherwise disallow the pre- or post-shift work and instead allowed and permitted it to happen.

35.     Defendant knowingly requires and/or permits Plaintiffs and those similarly situated to them to perform unpaid work before and after the start and end times of their shifts, including booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, as well as completing customer service calls, closing down the software programs, logging off the system, securing their workstations, locking their desk drawers, and securing any customer or proprietary information after the end of their scheduled shift times.

C.     **Defendant's Failure to Pay Minimum, Regular, and Overtime Wages to Its Telephone-Based Hourly Employees.**

36.     Defendant determines the rate of pay for Plaintiffs and other similarly situated persons.

37.     Defendant's managers and supervisors review and approve Plaintiffs and other similarly situated persons' time records prior to receiving their paychecks.

38.     Defendant supervises and controls the work schedule of Plaintiffs and other similarly situated persons.

39.     Plaintiffs and those employees similarly situated are individuals who were, or are, employed by Defendant and who had their pre- and/or post-shift work rounded away from their pay and were not paid for some or all of their work activities prior to the beginning of their shifts or after the end of their shifts.

40.     Plaintiffs and the other employees are also similar because Defendant does not pay them for all time they actually work.

41.     The net effect of Defendant's policies and practices, instituted and approved by company managers and supervisors, is that Defendant willfully fails to pay all compensation owed

to Plaintiffs and others similarly situated, and willfully fails to keep accurate time records to save payroll costs.  Defendant thus enjoys ill-gained profits at the expense of its hourly employees.

42.     Plaintiffs and others similarly situated at times work or worked in excess of eight (8) hours per day, and forty (40) hours per week for Defendant in a given workweek.

43.     Defendant's policy and practice of requiring and/or permitting its employees, including Plaintiffs and other non-exempt, hourly employees, to perform work without pay for such work performed, violates the California <u>Labor Code</u>.

44.     Defendant's policy and practice of requiring its employees to perform work without pay in many instances has caused and continues to cause Plaintiffs and certain other similarly situated hourly employees to work in excess of eight (8) hours per day, and  forty (40) hours per week, without being properly compensated at a minimum or regular wage or 1.5 times their respective hourly rate for such work performed.

45.     Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable minimum or regular wage or overtime wage has caused Plaintiffs and other similarly situated non-exempt call center employees to suffer harm.

46.     Defendant's non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

**D.     Defendant's Failure to Provide California Class Members Meal Breaks or Rest Breaks, or Compensation In Lieu Thereof**

47.     Upon information and belief, Defendant's call centers were constantly busy and short staffed. Plaintiffs Price and Zamarripa were often at their desks taking a call from a customer when their scheduled meal periods started, and were often required to take them after they finished their calls. Rest breaks were often interrupted in the same manner. When Plaintiffs complained to their supervisors about working through their meal and rest breaks, they were told that the call center was short staffed, and they were required to complete the calls that they had already started before their scheduled breaks.

48.     Additionally, at times, Plaintiffs Price and Zamarripa, when taking their meal periods, were not provided a full uninterrupted 30-minute meal period. Plaintiff Price will testify

CLASS ACTION COMPLAINT

that she was required to accept notifications on the computer acknowledging that she took a noncompliant meal break on her own volition, which kept Price from receiving compensation for meal periods missed. Plaintiff Zamarripa similarly was required to document that she took her regularly scheduled meal break or risk discipline from management.

49.    Upon information and belief, when California Class Members' scheduled rest periods arrived, they were sometimes not allowed to take their breaks, because the call center was too busy and there was not enough staff to tend to customer calls. At times when timely breaks were taken against the orders of management, California Class Members would be reprimanded for taking a rest breaks.

50.    Upon information and belief, California Class Members were not paid meal premiums at the regular rate or for all missed, short, late, or on-duty meal breaks.

**E.    Defendant's Failure to Reimburse California Class Members for Necessary Business Expenses**

51.    Since approximately **April 2020**, Plaintiff Price worked remote. During that time, she was required to purchase supplies including but not limited to notebooks, pens, highlighters, ethernet cables, subscribe to a stronger Internet connection, and a desk, all necessary for their day-to-day work duties, and was called on her personal cell phone by managers to discuss work-related tasks a few times per week.

52.    Plaintiff Price submitted requests for reimbursement initially, but was denied payments, which discouraged her from submitting anymore reimbursement requests. Neither Plaintiff Price was not told that she could submit expense reimbursements for personal cell phone usage, so no submissions for cell phone reimbursements were made.

## CALIFORNIA CLASS ALLEGATIONS

53.    Plaintiffs incorporate all other paragraphs as though fully set forth herein.

54.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the "California Class," as defined in above.

55.    **Numerosity.**  Plaintiffs estimate the size of the California Class to be at least **500** individuals.  This size makes bringing the claims of each individual member of the class before this

Court impracticable.  Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable.  The identity of the members of the California Class will be determined from Defendant's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the California Class and Defendant.

56.    **Typicality.**  Plaintiffs Price and Zamarripa have claims, which are typical of those of the California Class because like the members of the California Class Members, Plaintiffs  Price, and Zamarripa were subject to Defendant's uniform policies and practices and was compensated in the same manner as others in the California Class.  Defendant failed to pay the California Class Members compensation for all hours worked, permit timely and compliant meal and rest breaks, pay premium wages and at the regular rate, pay timely wages regularly and upon termination, and provide accurate and itemized wage statements.

57.    Plaintiffs Price, Zamarripa, and the California Class Members have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices, which failed to comply with California law.

58.    **Adequacy**.  Plaintiffs Price, and Zamarripa are representative parties who will fairly and adequately protect the interests of the California Class because it is in their interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law.  Plaintiffs Price, and Zamarripa have retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiffs Price and Zamarripa do not have any interest which may be contrary to or in conflict with the claims of the California Class they seek to represent.

59.    **Commonality.**  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact and law include, but are not limited to:

      a.    Whether Defendant had a policy or practice of requiring Plaintiffs Price and Zamarripa and California class members to perform work off-the-clock;

      b.    Whether Defendant failed to pay Plaintiffs Price and Zamarripa and the California Class Members minimum, regular, and overtime wages for all hours worked;

c.  Whether Defendant failed to provide meal and rest breaks to Plaintiffs Price and Zamarripa and the California Class Members or premium payments in lieu thereof;

d.  Whether Defendant failed to reimburse Plaintiffs Price and Zamarripa and the California Class Members for necessary business expenses incurred;

e.  Whether Defendant failed to pay premium wages to Plaintiffs Price and Zamarripa and the California Class Members and/or pay at the correct hourly rate;

f.  Whether Defendant failed to pay Plaintiffs Price and Zamarripa, and the California Class Members all of their wages earned and due regularly and upon the termination of their employment;

g.  Whether Defendant provided Plaintiffs Price and Zamarripa, and the California Class Members timely and accurate wage statements;

60.    **Superiority**.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the California Class could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

61.    **Manageability**.  A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy, and parity among the claims of individual California Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. Trial of Plaintiffs' class claims will be manageable because Plaintiffs can rely on Defendant's records, corporate testimony from Defendant's management, and representative testimony from Class Members.

CLASS ACTION COMPLAINT

62.     Notice of the pendency and any resolution of this action can be provided to the California Class by mail, electronic mail, print, broadcast, internet and/or multimedia publication. The identity of members of the California Class is readily identifiable from Defendant's records.

63.     This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove that it properly compensated Plaintiff and Class Members; and (3) the burden is on Defendant to accurately record hours worked by employees.

64.     Ultimately, a class action is a superior form to resolve the California claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiffs Price and Zamarripa and the California Class Members according to applicable California laws.

## FIRST CAUSE OF ACTION

### CALIFORNIA: Failure to Pay Overtime Wages

### (California Labor Code §§ 510 and 1194)

### On Behalf of Plaintiffs Price, Zamarripa and the California Class

65.     Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein

66.     At all relevant times, Defendant was required to compensate its nonexempt employees for all hours worked.  Since at least four years prior to this lawsuit being filed to the present, Defendant was required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked in excess of eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked in excess of twelve (12) hours per day.  Defendant was also required to pay one-and-a-half times the regular rate for the first eight hours worked on the seventh day of a workweek.

67.     Defendant failed to properly record and pay for Plaintiffs Price, Zamarripa and the California Class Members' hours worked, including overtime.  For example, Wells Fargo allowed, encouraged, or required Plaintiffs Price, Zamarripa and the California Class Members to clock out during their shifts, including during time opening necessary programs, following instructions, and

reading emails.  Despite the provisions of California's overtime law, Defendant has willfully failed and refused to pay the California Class, including Plaintiffs, overtime wages for any of the overtime hours they worked.

68.     The California Class, including Plaintiffs Price, and Zamarripa, has been deprived of their rightfully earned overtime wages as a direct and proximate result of Defendant's failure and refusal to pay such compensation.

69.     Defendant's conduct violates California Labor Code §§ 510 and 1194. Therefore, pursuant to California Labor Code § 1194, the California Class, including Plaintiffs Price and Zamarripa, is entitled to recover, and seeks to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight hours per day, in excess of forty hours per workweek, for the first eight hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees and costs of suit, and the relief requested below in the Prayer for Relief.

**SECOND CAUSE OF ACTION**

**CALIFORNIA: Failure to Pay Minimum Wage**

**(California Labor Code §§ 1182.12, 1194, 1197, 1194.2 and 1198)**

**On Behalf of Plaintiffs Price and Zamarripa and the California Class**

70.     Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

71.     At all relevant times, Plaintiffs Price and Zamarripa, as well as the California Class Members earned "wages" for labor or services rendered to Defendant within the meaning of California Labor Code § 200(a) and/or "hours worked" within the meaning of the applicable Wage Order of the Industrial Wage Commission.

72.     Employers are required to pay their employees for all hours worked. Defendant failed to properly record and pay for all hours that Plaintiffs Price, Zamarripa, and the California Class Members' hours worked.  For example, Wells Fargo allowed, encouraged, or required Plaintiffs and the California Class Members to clock out during their shifts, including during time

opening necessary programs, following instructions, and reading emails. Despite the provisions of California's overtime law, Defendant has willfully failed and refused to pay the California Class, including Plaintiffs Price, and Zamarripa, overtime wages for any of the overtime hours they worked.

73.     Defendant's conduct deprived Plaintiffs Price, Zamarripa and the California Class Members of full and timely payment for all hours worked in violation of the California <u>Labor Code</u>.

74.     Defendant did not pay Plaintiffs Price, Zamarripa and the California Class Members for all hours worked and did not properly pay Plaintiffs Price, Zamarripa and the California Class Members, in violation of California <u>Labor Code</u> §§ 1182.12, 1194, 1197, and/or 1198.

75.     As a result of Defendant's willful and unlawful failure to pay Plaintiffs Price, Zamarripa and the California Class their earned wages, Plaintiffs Price, Zamarripa and the California Class are entitled to recover their unpaid wages, liquidated damages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.

**THIRD CAUSE OF ACTION**

**CALIFORNIA: Failure to Pay Regular Wage**

**(California <u>Labor Code</u> §§ 221-223)**

**On Behalf of Plaintiffs Price, Zamarripa and the California Class**

76.     Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

77.     At all relevant times, Plaintiffs Price, Zamarripa and the California Class Members earned "wages" for labor or services rendered to Defendant within the meaning of California <u>Labor Code</u> § 200(a) and/or "hours worked" within the meaning of the applicable Wage Order of the California Industrial Wage Commission.

78.     Employers are required to pay their employees for all hours worked. Defendant failed to properly record and pay for all the hours Plaintiffs Price, Zamarripa and the California Class Members worked. For example, Wells Fargo allowed, encouraged, or required Plaintiffs and the California Class Members to clock out during their shifts, including during time opening necessary programs, following instructions, and reading emails. Despite the provisions of

California's wage law, Defendant has willfully failed and refused to pay the California Class, including Plaintiffs Price and Zamarripa, regular wages for any of the off-the-clock hours they worked.

79.     Defendant's conduct deprived Plaintiffs Price, Zamarripa and the California Class Members of full and timely payment for all hours worked in violation of the California Labor Code.

80.     Defendant did not pay Plaintiffs Price, Zamarripa and the California Class Members for all hours worked and did not properly pay Plaintiffs Price, Zamarripa and the California Class Members, in violation of California Labor Code §§ 200, 221-223.

81.     As a result of Defendant's willful and unlawful failure to pay Plaintiffs Price, Zamarripa and the California Class their earned wages, Plaintiffs Price, Zamarripa and the California Class are entitled to recover their unpaid wages, liquidated damages, costs and reasonable attorneys' fees, and the relief requested below in the Prayer for Relief.

## FOURTH CAUSE OF ACTION

**CALIFORNIA: Failure to Provide Meal Periods or Compensation in Lieu Thereof**

**(California Labor Code §§ 226.7 and 512; § 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, § 11040, et seq.)**

**On Behalf of Plaintiffs Price, Zamarripa and the California Class**

82.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

83.     Defendant has a policy and practice of failing to provide lawful duty-free meal periods due, in part, to the rushed and high-pressure working environment fostered by Defendants, for days during the liability period on which non-exempt employees work(ed)/work periods in excess of **five** (**5**) hours, and Defendants failed to provide compensation in lieu thereof. Further, Defendant has a policy of rounding meal periods interrupted before thirty (30) minutes into compliant meal periods. Further, Plaintiffs' individual claims, not released, extend **four** (**4**) years prior to the filing of the Complaint to the present.

84.     By failing to provide meal periods on the days non-exempt hourly employees worked periods in excess of **five** (**5**) hours, and failing to compensate said employees one hour's

wages at the regular rate in lieu of meal periods, as alleged above, Defendants willfully violated the provisions of <u>Labor Code</u> §§ 226.7 and 512, § 11 of the IWC Wage Orders, and Cal. Code Regs., Title 8, § 11040, *et seq.*

85.    Plaintiffs and the Class Members they seek to represent did not voluntarily or willfully waive meal periods.

86.    By failing to keep adequate records as required by §§ 226 and 1174(d) of the <u>Labor Code</u>, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid meal period compensation (including wages, interest, and penalties thereon) due to Plaintiff and Class Members.  Further, when meal period premiums were paid, they were not calculated correctly at the regular rate of pay.

87.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under <u>Labor Code</u> §§ 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

**<u>FIFTH CAUSE OF ACTION</u>**

**CALIFORNIA: Failure to Provide Rest Periods or Compensation in Lieu Thereof**

**(California <u>Labor Code</u> § 226.7 and Cal. Code of Regs., Title 8, § 11040(12)(A)**

**On Behalf of Plaintiffs Price, Zamarripa and the California Class**

88.    Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

89.    Defendant has a policy and practice of failing to authorize and permit lawful duty-free rest periods due, in part, to the rushed and high-pressure working environment fostered by Defendant, for days during the liability period on which non-exempt hourly employees work(ed)/work periods in excess of **three and a half (3.5)** hours or a major fraction thereof, and Defendants failed to provide compensation in lieu thereof.  Further, Plaintiffs' individual claims, not released, extend **four (4)** years prior to the filing of the Complaint to the present.

90.    By failing to authorize and permit rest periods on the days non-exempt hourly employees worked periods in excess of **three and a half (3.5)** hours and failing to compensate said

employees one hour's wages at the regular rate in lieu of rest periods, as alleged above, Defendant willfully violated the provisions of <u>Labor Code</u> §§ 226.7 and Cal. Code of Regs., Title 8, § 11040(12)(A).

91.     Plaintiffs and the Class Members they seek to represent did not voluntarily or willfully waive rest periods. Further, when rest period premiums were paid, they were not calculated correctly at the regular rate of pay.

92.     By virtue of the Defendant's unlawful failure to authorize and permit rest periods to Plaintiffs and the Class Members, they have suffered, and will continue to suffer damages in amounts which are presently unknown to Plaintiffs and the Class Members, but which exceed the jurisdictional limits of this Court, and which will be ascertained according to proof at trial.

93.     As a result of the unlawful acts of Defendant, Plaintiffs and the Class Members they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under <u>Labor Code</u> §§ 203, 226, 226.7, and 1194, and applicable IWC Wage Orders.

**<u>SIXTH CAUSE OF ACTION</u>**

**CALIFORNIA: Failure to Reimburse Employees for Necessary Business Expenses**

**(California <u>Labor Code</u> §§ 2800-2802 et seq.)**

**On Behalf of Plaintiff Price and the Sub-Class of Remote Employees**

94.     Plaintiffs incorporate all previous paragraphs of this Complaint as though fully set forth herein.

95.     California <u>Labor Code</u> § 2802 provides, in relevant part, that:

> "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

96.     At all relevant times herein, Defendant violated California Labor Code § 2802, by failing to indemnify and reimburse Plaintiffs and the Class Members for required expenses incurred in the discharge of their job duties for Defendant's benefit. Defendant's uniform policy, practice and procedure was to not reimburse Plaintiffs and the Class Members for any personal cell phone expenses. Further, Defendant had a practice of not providing Plaintiffs and the Class Members reimbursements for the expenses incurred purchasing Internet connection able to manage the computer software used when working from home. These expenses were necessary to complete their principal job duties. Defendants are estopped by Defendant's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by Plaintiffs and the Class Members, Defendant failed to indemnify and reimburse Plaintiffs and the Class Members for these expenses as an employer is required to do under the laws and regulations of California. The liability period for this claim is limited to periods not covered by settlement(s) Defendant has made in other actions, meaning it extends from **four** (**4**) years prior to the filing of this action to the present.

97.     Plaintiffs therefore demand reimbursement for the above-described expenditures or losses incurred by Plaintiffs and the Class Members in the discharge of their job duties by Defendant, or their obedience to the directions of Defendant, with interest at the statutory rate and attorneys' fees and costs as allowed under California Labor Code § 2802.

## **SEVENTH CAUSE OF ACTION**

### **CALIFORNIA: Failure to Pay All Wages Upon Termination**

### **(California Labor Code §§ 201, 202, 203)**

### **On Behalf of Plaintiff Zamarripa and the Terminated California Sub-Class**

98.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

99.     California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

100.    Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees

CLASS ACTION COMPLAINT

under California Labor Code § 203 for waiting time penalties in the amount of one day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty days.

101.     During all relevant times, Defendant knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff Zamarripa and members of the California Class who are no longer employed by Wells Fargo all wages owed as alleged herein.  Wells Fargo is therefore liable to members of the California Class who are no longer employed by Defendant for waiting time penalties as required by California Labor Code § 203.

102.     Plaintiff Zamarripa, on behalf of the members of the California Class who are no longer employed by Defendant, respectfully requests that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

**EIGHTH CAUSE OF ACTION**

**CALIFORNIA: Failure to Provide Accurate Wage Statements**

**(California Labor Code § 226)**

**On Behalf of Plaintiffs Price, Zamarripa and the California Class**

103.     Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

104.     California Labor Code § 226 provides that an employer shall furnish its employees with accurate itemized statements in writing showing gross wages earned and total hours worked by the employee, among other items of information.

105.     During all relevant times, Defendant knowingly and willfully violated California Labor Code § 226 by failing to provide Plaintiffs Price, Zamarripa and members of the California Class with accurate wage statements as alleged herein.  Defendant knowingly and willfully violated said Labor Code provision by providing Plaintiffs Price, Zamarripa and members of the California Class with wage statements that systematically undercounted the number of hours that Plaintiffs and members of the California Class worked.  Defendant is therefore liable to Plaintiffs Price, Zamarripa and members of the California Class for providing inaccurate wage statements in violation of Labor Code § 226.

106.      Plaintiffs Price, and Zamarripa, individually and on behalf of the members of the California Class, respectfully request that the Court award all penalties due, and the relief requested below in the Prayer for Relief.

### NINTH CAUSE OF ACTION

**CALIFORNIA: Unlawful and/or Unfair Competition Law Violations**

**(California Business & Professions Code § 17200 et seq.)**

**On Behalf of Plaintiffs Price, Zamarripa and the California Class**

107.      Plaintiffs hereby incorporate by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

108.      California Business & Professions Code § 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

109.      Plaintiffs Price, and Zamarripa bring this cause of action individually and as representatives of all others subject to Wells Fargo's unlawful acts and practices.

110.      During all relevant times, Defendant committed unlawful, unfair, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Defendant's unlawful, unfair, and/or fraudulent business practices include, without limitation, failing to pay all wages owed wages, including premium wages, failing to provide compliant meal and rest breaks, and failing to reimburse all business expenses.

111.      As a result of these unlawful and/or unfair and/or fraudulent business practices, Defendant reaped unfair benefits and illegal profits at the expense of Plaintiffs Price, Zamarripa and the California Class.  Defendant must disgorge these ill-gotten gains and restore as restitution to Plaintiffs Price, Zamarripa and the California Class Members all wrongfully withheld wages, including, but not limited to minimum, regular, premium, and overtime wages as well as apying meal period premiums at the correct hourly and/or regular rate as required by law.

112.      Plaintiffs Price, and Zamarripa, individually and on behalf of the members of the California Class, respectfully request that judgment be awarded to provide restitution and interest, and the relief requested below in the Prayer for Relief, including injunctive relief to correct the practices complained of.

1

## **PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and

3    through his attorneys, demands judgment against Defendant and in favor of Plaintiffs and all others

4    similarly situated, for a sum that will properly, adequately and completely compensate them for the

5    nature, extent and duration of their damages, the costs of this action and as follows:

6    ON THE FIRST CAUSE OF ACTION:

7        (a) For all overtime compensation owed to Plaintiff and each Class Member for all hours

8            worked according to proof;

9        (b) For interest on any compensatory damages;

10       (c) For attorneys' fees, expenses, and costs pursuant to Labor Code §1194(a), and Civil

11           Code §§ 3287(b) and 3289;

12       (d) For any statutory penalties against Defendant, in a sum as provided by the Labor Code,

13           the applicable Industrial Wage Order, and/or other statutes.

14   ON THE SECOND CAUSE OF ACTION

15       (a)      For all straight-time and overtime wages owed to Plaintiff and each Class Member

16                for all hours worked;

17       (b)      For other compensatory damages and/or statutory damages and statutory penalties

18                resulting from improper compensation according to proof;

19       (c)      For statutory attorney fees according to proof;

20       (d)      For statutory interest according to proof; and

21       (e)      For reasonable attorneys' fees and costs pursuant to the California Labor Code.

22   ON THE THIRD CAUSE OF ACTION

23       (a)      For all straight-time and overtime wages owed to Plaintiff and each Class Member

24                for all hours worked;

25       (b)      For other compensatory damages and/or statutory damages and statutory penalties

26                resulting from improper compensation according to proof;

27       (c)      For statutory attorney fees according to proof;

28       (d)      For statutory interest according to proof; and

CLASS ACTION COMPLAINT

    (e)      For reasonable attorneys' fees and costs pursuant to the California <u>Labor Code</u>.

ON THE FOURTH CAUSE OF ACTION:

    (a)      For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

    (b)      For interest on any compensatory damages; and

    (c)      For attorneys' fees and costs.

ON THE FIFTH CAUSE OF ACTION:

    (a)      For statutory compensation, including one hour of pay for each workday that a lawful rest period was not provided;

    (b)      For interest on any compensatory damages; and

    (c)      For attorneys' fees and costs.

ON THE SIXTH CAUSE OF ACTION:

    (a)      For actual expenses incurred as allowed by <u>Labor Code</u> § 2802

    (b)      For special damages; and

    (c)      For attorneys' fees and costs.

ON THE SEVENTH CAUSE OF ACTION:

    (a)      For statutory penalties, including thirty (30) days of pay for each employee not timely paid wages upon termination;

    (b)      For penalty enhancements for willful conduct; and

    (c)      For attorneys' fees and costs.

ON THE EIGHTH CAUSE OF ACTION:

    (a)      For statutory penalties;

    (b)      For compensatory damages and interest thereon for actual harm caused; and

    (c)      For attorneys' fees and costs as allowed by law.

ON THE EIGHTH CAUSE OF ACTION:

    (a)      For actual expenses incurred as allowed by <u>Labor Code</u> § 2802

    (b)      For special damages; and

    (c)      For attorneys' fees and costs.

CLASS ACTION COMPLAINT

///

ON THE NINTH CAUSE OF ACTION:

    (a)    For the equitable, injunctive and declaratory relief requested;

    (b)    Treble damages;

    (c)    For disgorgement of profits.

    (d)    For reasonable attorneys' fees and costs.

ON ALL CAUSES OF ACTION:

    (a)    For reasonable attorneys' fees;

    (b)    For costs of suit;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For such other and further relief as this Court may deem just and proper.

DATED: May 27, 2022        **CHRISTINA HUMPHREY LAW, P.C.**
                                    **QUINTILONE & ASSOCIATES**

                                          _____

                                          Christina A. Humphrey, Esq.
                                          Richard E. Quintilone II Esq.
                                          Jeffrey T. Green, Esq.
                                          Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

    Plaintiffs hereby demand trial of the claims of the members of the Plaintiffs, collective and putative class by jury to the extent authorized by law.

DATED: May 27, 2022        **CHRISTINA HUMPHREY LAW, P.C.**
                                      **QUINTILONE & ASSOCIATES**

                                          Christina A. Humphrey, Esq.
                                          Richard E. Quintilone II Esq.
                                          Jeffrey T. Green, Esq.
                                          Attorneys for Plaintiffs JANISHA LEE PRICE and CARMEN ZAMARRIPA, and other individuals similarly situated

CLASS ACTION COMPLAINT