UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANISHA LEE PRICE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-03128-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

Janisha Lee Price and Carmen Zamarripa bring state law wage and hour claims against their current and former employer Wells Fargo & Company, and Wells Fargo Bank, National Association (collectively "Wells Fargo"). Wells Fargo's motion to dismiss Plaintiffs' claims for failure to state a claim is now pending before the Court. After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the September 15, 2022 hearing, and DENIES the motion to dismiss. Plaintiffs' claims are pled with sufficient specificity.

## BACKGROUND

Ms. Price is currently employed by Wells Fargo as a telephone "Mortgage Customer Service Representative and a Home Loan Processor" in San Bernardino, California. (Complaint, Dkt. No. 1, at ¶ 2.) Ms. Zamarripa was employed by Wells Fargo as a telephone "Phone Banker I," in El Monte, California from February 2021 to September 2022. (*Id*. at ¶¶ 2, 10.) Both allege that Wells Fargo requires employees to perform unpaid work before and after their scheduled shift times, fails to provide consistent meal and rest breaks, and failed to reimburse Ms. Price for her necessary business expenses. (*Id*. at ¶¶ 13-52.)

Plaintiffs bring claims under California law for: (1) failure to pay overtime wages; (2)

failure to pay minimum wage; (3) failure to pay regular wage; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) failure to reimburse necessary business expenses; (7) failure to pay all wages upon termination; (8) failure to provide accurate wage statements; and (9) unfair competition in violation of California Business and Professions Code § 17200.

This action has been related to another action alleging federal and state wage and hour claims against Wells Fargo. *See Droesch v. Wells Fargo*, No. 20-6751-JSC.

## DISCUSSION

Wells Fargo insists that all of Plaintiffs' claims should be dismissed because Plaintiffs' allegations fail to give rise to a plausible "entitlement to relief" under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**A. Off-the-Clock Claims**

Wells Fargo first moves to dismiss Plaintiffs' off-the-clock claims which includes their claims for failure to pay overtime, failure to pay minimum wages, and failure to pay regular wages. Wells Fargo insists that these claims fail because they do not contain the degree of specificity required to state claims for failure to pay minimum or overtime wages under the California Labor Code

In *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), as amended (Jan. 26, 2015), the Ninth Circuit considered this issue with respect to FLSA claims for the first time post-*Twombly* and *Iqbal*. *Id*. at 641. The court held that "in order to survive a motion to dismiss, a plaintiff must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id*. at 644-45. The court warned, however, that detailed facts are not required and that the pleading should be "evaluated in the light of judicial experience." *Id*. at 645. Moreover, the plausibility of a claim is "context-specific." *Id*. That is, a plaintiff can establish a plausible claim in a number of ways, including "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* However, a plaintiff is not required to approximate the number of overtime hours she worked. *Id*. The Ninth Circuit noted this was

unnecessary: "After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Id*. District courts have since extended *Landers'* reasoning to California Labor Code wage and hour claims. *See, e.g.*, *Cortez v. United Nat. Foods, Inc*., No. 18-cv-04603-BLF, 2019 WL 955001, at *10, *12 (N.D. Cal. Feb. 27, 2019) (applying *Landers* to California Labor Code minimum-wage, overtime, meal-break, and rest-period claims); *Tan v. GrubHub, Inc*., 171 F. Supp. 3d 998, 1006–10 (N.D. Cal. 2016) (applying *Landers* to California Labor Code minimum-wage and overtime claims).

Plaintiffs allege sufficient facts here to "nudge[ ] [their] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiffs allege they are required to be "ready to handle a call at the start of their scheduled shift time," but they first have to "log[] on into Wells Fargo's telephone systems and call queue" which requires them to arrive at work prior to their scheduled shift time to "boot up computers, initialize several software programs, and read company emails and/or instructions." (Dkt. No. 1 at ¶¶ 15-17.) In particular, they are required "to open and initialize several software programs, such as Timetracker, DAT, Hogan, CIV, Visa, Claims, SOTA, Windows, Outlook, Cisco Jabber, and Workday among others." (*Id*. at ¶ 19.) Opening these programs and systems takes "additional time" and it is only "after all the processes are completed and programs started could Plaintiffs and other similarly situated employees log into Soft Phone, which commences and records the paid portion of their workday." (*Id.* at ¶¶ 19-20.)

Plaintiffs also allege that pursuant to Wells Fargo's policy and practice, employees are subject to discipline if "they are not logged into their phones and ready to handle calls by the start of their scheduled shift time." (*Id*. at ¶ 21.) Employees likewise "regularly worked past the end of their scheduled shift times when [they] logged off their software programs and computers and secured their work stations and Wells Fargo's customer and proprietary information pursuant to Wells Fargo's policies and practices." (*Id*. at ¶ 23.) Plaintiffs allege that Wells Fargo is aware of this off-the-clock work because managers and supervisors physically observed employees performing this off-the-clock work and received electronic reports of employees performing this off-the-clock work. (*Id*. at ¶ 29.)

1    These cumulative allegations provide "sufficient detail about the length and frequency of
2    [Plaintiffs'] unpaid work to support a reasonable inference that [they] worked more than forty
3    hours in a given week" and that Wells Fargo was aware that they were doing so. *Landers*, 771
4    F.3d at 646 (internal citation omitted); *see also Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th
5    1004, 1051 (2012) (noting that "liability is contingent on proof [the defendant] knew or should
6    have known off-the-clock work was occurring."). While Plaintiffs' allegation that employees had
7    their "pre- and/or post-shift work rounded away from their pay and were not paid for some or all
8    of their work activities prior to the beginning of their shifts or after the end of their shifts," (Dkt.
9    No. 1 at ¶ 39) is vague standing alone, when this allegation is read in the context of the above
10   allegations, it is sufficient to state a plausible claim for relief.

11   Wells Fargo's reliance on cases such as *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184,
12   1192–93 (N.D. Cal. 2014)), is misplaced.  In *Perez*, unlike here, "plaintiffs ple[]d no facts
13   showing that any plaintiff worked more than 40 hours in any given week without being
14   compensated for overtime hours during that workweek." *Id*. at 1191; *see also Ramirez v. HV*
15   *Glob. Mgmt. Corp.*, No. 21-CV-09955-BLF, 2022 WL 2132916, at *3 (N.D. Cal. June 14, 2022)
16   (granting a motion to dismiss where the plaintiff failed to "allege a 'given workweek' when he
17   worked in excess of forty hours and wasn't paid overtime, or was not paid minimum wages");
18   *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKX), 2016 WL 756523, at *3 (C.D. Cal. Feb.
19   25, 2016) (same).  Here, in contrast, Plaintiffs allege that Wells Fargo's policy and practice of
20   requiring employees to log on to their computers before beginning paid work, and perform work
21   after the end of their scheduled shifts, results in employees performing off-the-clock time on
22   *regular* basis.

23   Accordingly, Plaintiffs' off-the-clock claims for failure to pay overtime, minimum wage,
24   and regular wage are sufficiently pled.

25   **B. Meal and Rest Break Claims**

26   Wells Fargo also moves to dismiss Plaintiffs' meal and rest break claims as inadequately
27   pled because they fail to allege any facts supporting their claim that they were required to work
28   through meal and rest breaks, or a single instance on which they were deprived a meal or rest

4

break.

Plaintiffs allege that their meal and rest breaks were often interrupted because they were required to take customer calls after their scheduled meal period started, that they "complained to their supervisors about working through their meal and rest breaks, [and] were told that the call center was short staffed, and they were required to complete the calls that they had already started before their scheduled breaks." (Dkt. No. ¶ 47.) Further, Ms. Price alleges that she "was required to accept notifications on the computer acknowledging that she took a noncompliant meal break on her own volition, which kept [her] from receiving compensation for meal periods missed." (*Id*. at ¶ 48.) Plaintiff Zamarripa similarly alleges that she "was required to document that she took her regularly scheduled meal break or risk discipline from management." (*Id*.)

"To state a claim for failure to provide required rest or meal periods, [plaintiffs] must at least allege either a specific corporate policy prohibiting those breaks or a specific instance or instances in which he was denied a required break." *Ramirez v. HV Glob. Mgmt. Corp*., No. 21-CV-09955-BLF, 2022 WL 2132916, at *4 (N.D. Cal. June 14, 2022) (collecting cases). Here, Plaintiffs have alleged a policy requiring them to take calls during their scheduled meal and rest breaks and submit documentation suggesting they had either taken the scheduled meal or rest break or that they had not done so of their own volition. Drawing all inferences in Plaintiffs' favor, these allegations are sufficient to state meal and rest break claims.

**C. Reimbursement Claim**

Next, Wells Fargo moves to dismiss Ms. Price's claim for failure to reimburse business expenses in violation of California Labor Code §§ 2800, 2802. California Labor Code § 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer." "Merely alleging failure to reimburse unspecified work-related expenses is not enough to state a Section 2802 claim." *Tan v. GrubHub, Inc*., 171 F. Supp. 3d 998, 1005 (N.D. Cal. 2016) (collecting cases). "Instead, Section 2802 claims are sufficiently pled where the complaint identifies the particular expenses that were not reimbursed and affirmatively alleges that the expenses were part of the plaintiff's job duties." *Id*. (collecting

5

cases).

Plaintiffs' allegations here satisfy this requirement. Ms. Price alleges that she "was required to purchase supplies including but not limited to notebooks, pens, highlighters, ethernet cables, subscribe to a stronger Internet connection, and a desk, all necessary for their day to-day work duties, and was called on her personal cell phone by managers to discuss work-related tasks a few times per week." (Dkt. No. 1 at ¶ 51.) Wells Fargo's insistence that Plaintiffs' allegations are insufficient as they lack "factual details" relying on *Arroyo v. Int'l Paper Co*., No. 17-CV-06211-BLF, 2020 WL 887771, at *15 (N.D. Cal. Feb. 24, 2020), is misplaced. *Arroyo* addressed the requirements to prevail on a claim under section 2802 at summary judgment, not the pleading stage. Drawing all inferences in Plaintiffs' favor, Ms. Price has plausibly alleged a claim based on failure to reimburse her for specified business expenses.

**D. Derivative Claims**

Wells Fargo moves to dismiss Plaintiffs' seventh, eighth, and ninth claims for failure to pay accurate wages upon termination, failure to provide accurate wage statements, and violation of California Business and Professions Code § 17200 as derivative of the other claims which it seeks to dismiss. Because the Court denies Wells Fargo's motion to dismiss Plaintiffs' first through sixth claims for relief, the request to dismiss the derivative claims necessarily fails as well.

## CONCLUSION

For the reasons stated above, Wells Fargo's motion to dismiss is DENIED.

The Court RESETS the Initial Case Management Conference for October 13, 2022 at 1:30 p.m. via Zoom video. A joint case management conference statement is due October 6, 2022.

This Order disposes of Docket No. 17.

**IT IS SO ORDERED.**

Dated: September 13, 2022

JACQUELINE SCOTT CORLEY
United States District Judge