UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANISHA LEE PRICE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>Defendants. | Case No. 22-cv-03128-JSC<br><br>**ORDER RE: MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 35 |

Plaintiffs bring state law wage and hour claims against their current and former employer Wells Fargo & Company, and Wells Fargo Bank, National Association (collectively "Wells Fargo"). Wells Fargo moves for partial judgment on the pleadings as to Plaintiffs' ninth claim for relief under California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, et seq. (Dkt. No. 35.) Having considered the parties' briefs and having had the benefit of oral argument on November 30, 2022, the Court GRANTS IN PART and DENIES IN PART. The Court lacks equitable jurisdiction over Plaintiffs' claim for restitution, but Plaintiffs' claim for prospective injunctive relief is adequately alleged.

**DISCUSSION**

Wells Fargo insists that Plaintiffs' UCL claim for equitable relief is foreclosed by the Ninth Circuit's decisions in *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1310 (9th Cir. 2022), and *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). In *Sonner*, the court held that as a matter of equitable jurisdiction, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner*, 971 F.3d at 844. Under *Guzman*, a plaintiff had an adequate remedy at law even where that remedy— the claim giving rise to damages—was barred by the statute of limitations and under such

1    circumstances "the district court was [] required to dismiss [the] equitable UCL claim." *Guzman*,
2    49 F.4th at 1312 ("Albright's failure to have timely pursued his CLRA claim cannot confer
3    equitable jurisdiction on a federal court to entertain his UCL claim.").

4        Wells Fargo insists that Plaintiffs' UCL claim must be dismissed because they have an
5    adequate legal remedy—a claim for money damages based on their California Labor Code
6    violations. Plaintiffs do not dispute that their Labor Code claims provide an adequate legal
7    remedy for any restitution claims under the UCL—nor could they. *See Franckowiak v. Scenario*
8    *Cockram USA, Inc.*, No. CV 20-8569-JFW(PVCX), 2020 WL 9071697, at *3 (C.D. Cal. Nov. 30,
9    2020) ("it is well established that the California Labor Code provides legal damages to fully
10   compensate workers for unpaid wages" and collecting cases). Instead, Plaintiffs insist that neither
11   *Sonner* nor *Guzman* dealt with claims for injunctive relief for prospective violations, as are pled
12   here, and that given the early stage of the litigation, the Court should defer dismissal of Plaintiffs'
13   equitable restitution claim.

14   **1. Plaintiffs' Claim for Injunctive Relief**

15       Plaintiffs' UCL claim seeks injunctive relief "to correct the practices complained of."
16   (Dkt. No. 1 at ¶¶ 111-112.) Plaintiffs insist that they "cannot [otherwise] obtain this prospective
17   relief which will ensure that they are, *inter alia*, fairly compensated and provided with meal and
18   rest breaks on a going forward basis" and as such, in the absence of injunctive relief, they "at best
19   would be forced to file frequent suits in an attempt to recoup their unpaid wages and monetary
20   losses." (Dkt. No. 36 at 4-5.) While Wells Fargo contends that other courts applying *Sonner*
21   have found that all forms of equitable relief—restitution and injunctive—are barred where
22   plaintiffs have an available legal remedy such as damages, Wells Fargo has not shown under the
23   facts and claims alleged here that damages are an adequate remedy for Plaintiffs' prospective
24   injunctive relief claim. *See Brooks v. Thomson Reuters Corp.*, No. 21-CV-01418-EMC, 2021 WL
25   3621837, at *11 (N.D. Cal. Aug. 16, 2021) (collecting cases declining "to apply *Sonner* to bar
26   UCL claims for injunctive relief, recognizing that the prospect of paying damages is sometimes
27   insufficient to deter a defendant from engaging in an alleged unlawful, unfair, or fraudulent
28   business practice.").

Accordingly, Plaintiffs have adequately alleged a basis to pursue their equitable injunctive relief claim.

**2. Dismissal of Plaintiffs' Equitable Restitution Claim**

*Guzman* held that when a court lacks equitable jurisdiction, the court should dismiss the UCL claim without prejudice to refiling the same claim in state court. *Guzman*, 49 F.4th at 1314. Plaintiffs contend that in the interests of judicial economy the Court should nonetheless decline to dismiss their equitable restitution claim because the injunctive relief remains. As Wells Fargo correctly noted at oral argument, *Guzman* forecloses this possibility—the court cannot exercise equitable jurisdiction over Plaintiffs' UCL restitution claim because Plaintiffs have an adequate remedy at law in state court regardless of any statute of limitations issues. *Id*. at 1314. While *Guzman* did not involve a UCL claim seeking both restitution and injunctive relief, it considered the potential inefficiencies of clams proceeding in two courts and concluded that "the possibility that federal and state courts would reach different results on the same claim is itself a consequence of *Sonner's* rule that federal courts sitting in diversity may exercise equitable jurisdiction only to the extent federal equitable principles allow them to do so." *Id.* at 1315. Because the Court lacks equitable jurisdiction over Plaintiffs' restitution claim, it must be dismissed without prejudice to Plaintiffs pursuing the claim for relief in state court.

**CONCLUSION**

For the reasons stated above, Defendants' motion for judgment on the pleadings is GRANTED as to Plaintiffs' equitable claim for restitution under the UCL and that claim is dismissed without prejudice. The motion is DENIED as to Plaintiffs' UCL injunctive relief claim.

The Court sets a further video case management conference for February 2, 2023 with an updated joint case management conference statement due January 26, 2023.

This Order disposes of Docket No. 35.

**IT IS SO ORDERED.**

Dated: December 6, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

3